# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| **CAROL LOUISE OSTROWSKI,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**MICHAEL J. ASTRUE, Commissioner of Social Security,**<br><br>**Defendant.** | **CV 12-09-BLG-CSO**<br><br>**ORDER ADDRESSING SUMMARY JUDGMENT MOTIONS** |

Plaintiff Carol Louise Ostrowski ("Ostrowski"), appearing pro se, seeks judicial review of Defendant Commissioner of Social Security's ("Commissioner") decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383(c).  *Complt. (DKT 3).*  After the parties consented in writing, this case was assigned to the undersigned for all proceedings.  *DKT 13.*

Now pending are the parties' cross-motions for summary

judgment. *DKTs 21* (Ostrowski's motion) and *23* (Commissioner's motion). For the reasons stated below, the Court denies Ostrowski's motion, grants the Commissioner's motion, and affirms the Commissioner's decision denying DIB and SSI.

## I.   <u>PROCEDURAL BACKGROUND</u>

On June 25, 2008, Ostrowski filed her DIB and SSI applications. *Tr. 119-21, 124-30.* She alleged that she had been unable to work since October 2007 because of back and hip pain, vertigo, bilateral plantar fasciitis, and a ganglion cyst on her right wrist. See, e.g., *Tr. 250-51.* A state agency and the Social Security Administration ("SSA") denied Ostrowski's claims. *Tr. 55-56, 73-76.*

On December 9, 2009, an Administrative Law Judge ("ALJ") held a hearing. *Tr. 16-54.* On January 22, 2010, the ALJ issued a written decision denying Ostrowski's claims. *Tr. 60-69.* On December 8, 2011, after the Appeals Council denied Ostrowski's request for review, the ALJ's decision became final for purposes of judicial review. *Tr. 1-5*; 20 C.F.R. §§ 404.981, 416.1481 (2012). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.   <u>STANDARD OF REVIEW</u>

This Court's review is limited.  The Court may set aside the
Commissioner's decision only where the decision is not supported by
substantial evidence or where the decision is based on legal error.
*Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42
U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla,
but less than a preponderance."  *Id.* (citing *Bayliss v. Barnhart*, 427
F.3d 1211, 1214 n. 1 (9th Cir. 2005) (internal quotation marks omitted)).
"It is such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion."  *Id.* (internal quotation marks and
citation omitted).

The Court must consider the record as a whole, weighing both the
evidence that supports and detracts from the Commissioner's
conclusion, and cannot affirm the ALJ "by isolating a specific quantum
of supporting evidence."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882
(9th Cir. 2006) (internal quotation marks and citation omitted).  The
ALJ is responsible for determining credibility, resolving conflicts in
medical testimony, and resolving ambiguities.  "Where the evidence is

susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

## III.   BURDEN OF PROOF

A claimant is disabled for purposes of the Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

1.  The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2.  If not so engaged, the claimant must next show that he or she has a severe impairment. *Id*.

3.  The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id*. If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4.  If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id*. "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id*. at 1098-99.

5.  If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but

at the fifth step the Commissioner bears the burden of establishing that

there is other work in significant numbers in the national economy that

the claimant can perform.  *Id.*  The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2.  *Id.*  If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits.  *Id.*

## IV.  **THE ALJ's OPINION**

The ALJ followed the five-step sequential evaluation process in considering Ostrowski's claims.  First, the ALJ found that Ostrowski had not engaged in substantial gainful activity since her amended alleged onset date of January 1, 2008.  *Tr. 62.*

Second, the ALJ found that Ostrowski has the following severe impairments: "bilateral plantar fasciitis; and chronic back and hop strain[.]" *Tr. 63.*  He also found that the cyst on Ostrowski's right wrist is not a "severe" impairment under the Act.  *Id.*

Third, the ALJ found that Ostrowski does not have an impairment or a combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments.  *Id.*

Fourth, the ALJ found that Ostrowski has the residual functional

capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand and walk two hours per occasion and up to four hours in an eight-hour day. [Ostrowski] should avoid ladders, scaffolds, and balancing. She can stoop, kneel, crouch, crawl, use foot controls, and climb stairs.

*Tr. 64.*

The ALJ also found that Ostrowski is unable to perform any of her past relevant work as a personal care provider, retail store clerk, electro-mechanical technician, or waitress. *Tr. 67.*

Fifth, the ALJ found that Ostrowski could perform jobs that exist in significant numbers in the national economy in light of her age (44 years old at the time of her amended alleged onset date, which is defined as a younger individual), education (at least high school), work experience, and RFC. *Id.* Consequently, the ALJ found that Ostrowski was not disabled. *Tr. 68-69.*

## V.   PARTIES' ARGUMENTS

Ostrowski argues that the ALJ erred in four principal ways. First, she claims that the ALJ misstated and mischaracterized evidence in the record when rendering his written decision denying her claims

for benefits. *Ostrowski's Br. (DKT 22) at 10-17.* For example, Ostrowski argues that the ALJ: (1) noted that medical records from the People's Clinic state that she had right foot pain in August and September 2007 when Dr. Ambrose's notes actually indicate that Ostrowski claimed to have pain in both feet, *id. at 11*; (2) noted that Ostrowski voluntarily decided to take a leave of absence from work when she actually requested from her employer a "return to work" note because she expected steroid injections that she received for pain to be effective longer than they actually were, *id. at 12*; (3) noted that the injections Ostrowski received were "very helpful" when he also stated earlier in his decision that the injections "have helped lessen pain and symptoms dramatically[,]" *id.*; and (4) noted Ostrowski had "no neurological deficits" which is inconsistent with a positive Romberg test, *id. at 17.*

Second, Ostrowski argues that the ALJ erred in failing to include in the hypothetical question to the vocational expert ("VE") all of "the essential factors in the residual functional capacity (RFC) assessment, namely mild degenerative disk disease." *Id. at 18-19.* Because the VE's

testimony "is based on a flawed hypothetical question[,]" Ostrowski

argues, it cannot support the ALJ's decision that she is not disabled.

*Id. at 19.*

Third, Ostrowski argues that the ALJ erred in according only

"minimal weight to Dr. Jachimiak's statements, in spite of long term

care he provided [Ostrowski], without [providing] clear and convincing

reasons." *Id. at 20-21.*

Fourth, Ostrowski argues that the ALJ erred in failing "to provide

clear and convincing reasons for rejecting [her] contention that [her]

pain prevents [her] from being able to work." *Id. at 21.* She argues

that the ALJ's conclusion respecting her credibility is erroneous

because of her positive Romberg test. Ostrowski also argues that the

fact that she drives or shops "does not diminish the fact that [she is] in

pain when [she does] these necessities." *Id.* She adds that the fact that

she does not take pain medication also does not negate the fact that she

is in pain. *Id.*

In response, the Commissioner argues that the ALJ properly: (1)

considered the evidence and based his decision on substantial evidence

in the record, *Commissioner's Br. (DKT 25) at 2-13*; (2) considered the opinion of Ostrowski's treating podiatrist, Dr. Jachimiak, D.P.M., *id. at 8-11*; (3) evaluated Ostrowski's subjective complaints in determining her credibility, *id. at 13-21*; and (4) posed a hypothetical question to the VE that captured all of Ostrowski's functional limitations, *id. at 21-22*. Finally, the Commissioner argues that if the Court finds that the decision denying Ostrowski's claims is not supported by substantial evidence, the Court should remand for further administrative proceedings rather than reverse for an award of benefits. *Id. at 23-24*.

## VI.   <u>DISCUSSION</u>

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error.  The Court is not permitted to re-weigh the evidence. Considering Ostrowski's allegations of error and applying controlling Ninth Circuit authority, the Court concludes, as discussed below, that the Commissioner's decision is based on substantial evidence in the record, and is free of legal error.

## A.    ALJ's Consideration of the Evidence

In evaluating Ostrowski's claims, the ALJ was required to "make fairly detailed findings in support" of his decision "to permit courts to review those decisions intelligently." *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (citation omitted).  In doing so, an "ALJ does not need to discuss every piece of evidence" and "is not required to discuss evidence that is neither significant nor probative[.]" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations and citations omitted).

Here, the ALJ issued a detailed decision. *Tr. 60-69.*  He meticulously reviewed, as discussed further below, his rationale for rejecting certain evidence in his assessment of Ostrowski's medical records, credibility, and RFC.  *Tr. 63-68.*  In his written decision, he also set forth the evidence – which the Court concludes is substantial – that informed and supported his conclusion with respect to Ostrowski's disability claims.  *Id.*  For these reasons, the Court finds unpersuasive Ostrowski's argument that the ALJ failed to properly consider evidence favorable to her claims for DIB and SSI.

-11-

With respect to Ostrowski's specific claims of error, the Court first concludes that the ALJ did not fail to properly consider that Ostrowski suffered pain in both of her feet. The ALJ expressly found in his decision that Ostrowski has the "severe impairment[ ]" of "bilateral plantar fasciitis[.]" *Tr. at 63.* The ALJ's use of the descriptor "bilateral" indicates that the ALJ knew Ostrowski had a condition affecting both of her feet. The ALJ also noted in recounting Ostrowski's medical history that she received steroid injections in her "feet" and acknowledged that Ostrowski "reported pain in both arches of the feet" in October 2009. *Tr. 65-66.* Thus, the ALJ considered Ostrowski's claims while properly  understanding that she suffers pain in both of her feet.

Second, the ALJ did not mischaracterize the evidence of record, as Ostrowski suggests, when he noted that Ostrowski "voluntarily decided to take a leave of absence from work[.]" *Tr. 66.* The ALJ's finding in this regard is supported by Dr. Jachimiak's treatment notes dated December 10, 2007, indicating that Ostrowski "decided to take a leave of absence from work...." *Tr. 246.*

Third, the ALJ did not misstate the evidence of record, as Ostrowski argues, when he alternately described the effect of Ostrowski's steroid injections as "very helpful" and when he noted that they "have helped lessen pain and symptoms dramatically."  That a steroid injection on March 4, 2008, was "very helpful" is reflected in the People's Clinic notes dated April 24, 2008.  *Tr. 224.*  Also, continued improvement with use of injections and orthotics is reflected in treatment notes in the record.  *Tr. 246-48.*  That Ostrowski disagrees with the ALJ's characterization of these notes is a matter of semantics and is not error.

Fourth, respecting the argument that the ALJ's conclusion that Ostrowski had no neurological deficits is inconsistent with her positive Romberg test, the Court is not persuaded.  The record contains objective findings of no neurological deficits.  Evidence of the positive Romberg test also is in the record.  Although the two findings are not necessarily inconsistent, even if they were it is the ALJ's obligation to resolve conflicts and ambiguities in the evidence.  *Tommassetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted).  That he

did so here in a way with which Ostrowski disagrees does not constitute error. *Id.*

## B.   Weight ALJ Afforded Dr. Jachimiak's Opinions

As noted, Ostrowski argues that the ALJ erred in according only "minimal weight to Dr. Jachimiak's statements, in spite of long term care he provided [Ostrowski], without [providing] clear and convincing reasons." *DKT 22 at 20-21.* "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.  At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons. [The Ninth Circuit Court of Appeals has] also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions.  Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted).

Having reviewed the record and the parties' arguments, the Court

-14-

concludes that the ALJ did not err with respect to his consideration of Dr. Jachimiak's opinions.  First, the ALJ expressly acknowledged that Dr. Jachimiak, a podiatrist, treated Ostrowski for bilateral plantar fasciitis beginning in October 2007.  He noted that Dr. Jachimiak "found no evidence of plantar calcaneal spur formation on x-ray[,]" but "did encourage [Ostrowski] to decrease her walking to only four hours a day and recommended special shoes[.]" *Tr. 66.*  He also noted that Dr. Jachimiak requested that Ostrowski get steroid injections, which she received at the People's Clinic, and which, according to their records, she reported were "very helpful."  *Id.*

Despite some improvement with the steroid injections, the ALJ noted, Ostrowski complained of continued problems and requested that Dr. Jachimiak keep her off of work until August 2008.  Dr. Jachimiak wrote a letter to Ostrowski's employer stating that Ostrowski "believes that she needs to be off of work for another month to allow the area [a] chance to heal."  *Id. (referring to Tr. 247-49).*

The ALJ did not err, as Ostrowski argues, in concluding that Dr. Jachimiak noted "no specific indications of work limitations."  That Dr.

Jachimiak encouraged Ostrowski to decrease her walking to only four hours each day, which the ALJ specifically acknowledged, does not render the ALJ's observation that Dr. Jachimiak noted no specific work limitations erroneous.  Under the Social Security regulations and authority discussed above, merely encouraging someone to limit their walking to no more than four hours per day is not the type of significant functional limitation relevant to determining an individual's ability to work under the Act.

Ostrowski overstates the significance of the "limitation" Dr. Jachimiak placed on her time walking each day.  The ALJ's apparent conclusion that this limitation does not reflect a severe loss of function that would render Ostrowski incapable of engaging in any substantial gainful activity is reasonable.  Dr. Jachimiak's statement that Ostrowski should limit her walking to four hours each day indicates only that Ostrowski has that limitation – the existence of which the ALJ expressly acknowledged – not that she is precluded from all work activity.  *Tr. 66*.  "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.

1993) (citation omitted).

Second, the Court concludes that the ALJ made findings adequate to allow him properly to afford Dr. Jachimiak's opinion "minimal weight." *Tr. 66.* The ALJ noted that Dr. Jachimiak's letter to Ostrowski's employer – stating that Ostrowski believes she needs to be off work for additional time – had no supporting objective medical evidence. Rather, as the ALJ noted, the letter was based "solely on [Ostrowski's] subjective complaints." *Id.* An ALJ properly may reject a physician's opinion if it is based upon a claimant's subjective complaints. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Third, Ostrowski asks the Court to reweigh the medical evidence, and to arrive at a conclusion different from that of the ALJ. The Court is not permitted to do so. Even in those instances in which "the evidence is susceptible to more than one rational interpretation," the Court must uphold the ALJ's interpretation. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

Fourth, although Ostrowski did not directly raise as an allegation of error the ALJ's consideration of her other medical records, the Court

concludes there was no error.  The ALJ carefully reviewed and summarized Ostrowski's medical records.  *Tr. 63-67*.  The records do not indicate a sustained severe loss of function that would render Ostrowski incapable of engaging in any substantial gainful activity.  Rather, they indicate that Ostrowski has certain conditions and limitations, the existence of which the ALJ expressly acknowledged.  *Tr. 63* (noting Ostrowski has severe impairments of bilateral plantar fasciitis and chronic back and hip strain).  As already noted, the existence of impairments is not conclusive proof of a disability under the Act.  *Matthews*, 10 F.3d at 680.

The Court concludes that the ALJ's findings support his determinations with respect to the opinion of Dr. Jachimiak and Ostrowski's other medical records.  He offered reasons for his conclusions in accord with the standards set forth above.  Thus, the ALJ did not err.

### C.   <u>ALJ's Assessment of Ostrowski's Credibility</u>

As noted, Ostrowski argues that her medical records support her testimony and her claims of disability.  She also claims that the ALJ's

-18-

determination that her testimony lacks credibility is not sufficiently specific.  The Court disagrees and concludes that the ALJ did not err in assessing Ostrowski's credibility.

In *Molina* v. Astrue, 674 F.3d 1104 (9th Cir. 2012), the Ninth Circuit restated the long-standing standard for assessing a claimant's credibility as follows:

> In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis.  First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.  At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).  In evaluating the claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation.  For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and whether the claimant engages in daily activities inconsistent with the alleged symptoms.  While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in

everyday activities indicating capacities that are
transferable to a work setting.  Even where those activities
suggest some difficulty functioning, they may be grounds for
discrediting the claimant's testimony to the extent that they
contradict claims of a totally debilitating impairment.

*Molina*, 674 F.3d at 1112-13 (citations and internal quotations
omitted).

Here, the ALJ found objective medical evidence of underlying
impairments that could reasonably be expected to produce the
symptoms alleged.  Also, the ALJ did not find that Ostrowski was
malingering.  Thus, to find that Ostrowski was not entirely credible,
the ALJ had to give specific, clear, and convincing reasons.  The Court
concludes that he did.

The ALJ initially found Ostrowski credible to the extent that she
alleged some medically determinable impairments that could be
expected to cause her symptoms and limit, to some extent, her ability to
perform work activity.  *Tr. 63-65*.  He therefore reduced her RFC to
accommodate those limitations and concluded, with the VE's testimony,
that she could not perform her past relevant work.  *Tr. 67*.  Thus, the
ALJ did not entirely reject Ostrowski's allegations.  Rather, the ALJ

-20-

was careful to parse out those allegations that he found credible from those that he found not credible, as he was required to do.  And, the ALJ gave the following specific, clear, and convincing reasons for rejecting other portions of Ostrowski's allegations and making his credibility determination.

First, the ALJ found that some of Ostrowski's claimed functional limitations are inconsistent with objective clinical findings of record. He noted that medical records regarding Ostrowski's back and hip pain are "rather sparse" and indicate only "diagnostically mild degenerative changes, normal gait, and no neurological deficits." *Tr. 65.*  He also noted that diagnostic imaging of Ostrowski's feet have shown no abnormalities and that she has received steroid injections that have helped her symptoms.  *Id.*

Second, the ALJ concluded that evidence in the record of Ostrowski's activities of daily living was inconsistent with her claims of disabling conditions.  He noted that evidence of record shows that she is able to perform significant activities of daily living including "household chores such as cleaning, laundry, cooking, washing dishes,

-21-

... meal preparation ... grocery shopping weekly, exercis[ing] a little bit,
... watching television, ... [and] walk[ing] one quarter mile." *Id*.  The
ALJ concluded that these activities "suggest that [Ostrowski] retains
significant capacity despite her subjective complaints." *Id*.

Third, the ALJ found that, although Ostrowski claims chronic
back and hip pain that limits her ability to work, she apparently did
not report these conditions or their symptoms to her treating
physicians when being seen for plantar fasciitis.  The ALJ determined
that this failure to report "diminishes the persuasiveness of [her]
allegations of disabling symptoms and is inconsistent with a disabling
level of severity." *Id*.

Fourth, the ALJ noted that both the record as a whole and recent
medical evidence do "not suggest a disabling level of severity that
precludes the performance of all sustained work activity." *Tr. 66*.
Instead, he noted, the medical records reflect periodic improvement in
plantar fasciitis symptoms when treated and, as noted above, "rather
sparse" evidence concerning her back and hip pain that indicates only
"diagnostically mild degenerative changes, normal gait, and no

neurological deficits." *Tr. 65-67*.  Finally, the ALJ noted that no

treating physician has opined that Ostrowski is unable to work or has

imposed limitations greater than what the ALJ determined in his

decision.  *Tr. 67*.

All of the foregoing observations, which the Court finds to be

supported by the evidence of record, indicate that the ALJ properly

applied ordinary credibility evaluation techniques in assessing

Ostrowski's credibility.  *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th

Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

As noted, the Court cannot substitute its own interpretation of the

evidence for the ALJ's interpretation.  "Where the evidence is

susceptible to more than one rational interpretation, one of which

supports the ALJ's decision, the ALJ's conclusion must be upheld."

*Thomas*, 278 F.3d at 954 (citation omitted).  The ALJ did not err.

### D.   ALJ's Hypothetical Question to Vocational Expert

Ostrowski argues that the ALJ failed to include in the

hypothetical question to the VE all of "the essential factors in the

residual functional capacity (RFC) assessment, namely mild

degenerative disk disease." *DKT 22 at 18-19*.  The Court concludes that the ALJ did not err.

An ALJ's hypothetical question to a vocational expert must include all limitations supported by medical evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ's reliance on vocational expert testimony proper where hypothetical contained all of the limitations that the ALJ found credible and supported in record). Here, the ALJ's hypothetical question to the VE contained Ostrowski's limitations supported by substantial evidence in the record.  *Tr. 49-50*. That the hypothetical question did not mention her "mild degenerative disk disease" is not error.  The condition of degenerative disk disease is not, alone,  relevant to a claimant's ability to work.  Rather, a condition's relevance for purposes of determining disability under the Act lies in any functional limitations the condition imposes upon a claimant.  20 C.F.R. §§ 404.1520 and 416.920 (2012) (providing that impairments must be so functionally limiting as to preclude either past work or any other work existing in significant numbers in the national economy).  Without substantial evidence reflecting that the condition

imposed functional limitations upon Ostrowski, the ALJ did not err in not mentioning mild degenerative disk disease in his hypothetical question to the VE.

Also, as discussed in detail above, the Court already has determined that the ALJ did not err in his evaluation of the medical evidence of record or his assessment of Ostrowski's credibility with respect to her symptoms and limitations.  Thus, the ALJ was not required to include in his hypothetical question to the vocational expert Ostrowski's own version of her symptoms and limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").  Rather, the ALJ was free to consider the evidence as a whole in making his determination as to Ostrowski's limitations.  The Court concludes that he did so, and thus he did not err.

## VII.  <u>CONCLUSION</u>

Based on the foregoing,

**IT IS ORDERED** that Ostrowski's summary judgment motion

(*DKT 21*) is DENIED, the Commissioner's summary judgment motion

(*DKT 23)* is GRANTED, and the Commissioner's decision denying DIB

and SSI is affirmed.

     The Clerk of Court shall enter Judgment accordingly.

     DATED this 25th day of October, 2012.


                  /s/ Carolyn S. Ostby
                  United States Magistrate Judge